UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| GARY E. PEEL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 14-77-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Gary E. Peel is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Peel has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Peel's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true,

and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[1]

I

On March 22, 2006, a grand jury sitting in the Southern District of Illinois returned an indictment charging Peel with bankruptcy fraud in violation of 18 U.S.C. § 152(6), obstruction of justice in violation of 18 U.S.C. § 1512(c)(2), and two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Specifically, the indictment alleged that during his marriage, Peel had had an affair with his wife's sister – who was sixteen years old at the time – and had taken sexually-explicit photographs of her. Following his divorce, Peel filed for bankruptcy protection in an effort to discharge his financial obligations to his ex-wife. In an attempt to blackmail his ex-wife into dropping her opposition to that relief, Peel threatened to mail those explicit photographs to her parents. Instead, Peel's ex-wife enlisted the aid of state and federal law enforcement officials to obtain evidence of Peel's actions, resulting in his prosecution.

Following a week-long trial, a jury convicted Peel on all four counts. On November 19, 2007, the trial court sentenced Peel to serve 60 months incarceration for bankruptcy fraud, 144 months for obstruction of justice, and 120 months for

---

[1] While Peel is appearing *pro se*, he is an attorney who was formerly licensed to practice law until his 2008 disbarment by the Supreme Court of Illinois. The Court nonetheless applies a liberal construction to his pleadings.

each child pornography count, with all terms to be served concurrently. *United States v. Peel*, No. 3:06-cr-30049-WDS-1 (S.D. Ill. 2006).

On direct appeal, the Seventh Circuit concluded that the Double Jeopardy Clause precluded Peel's conviction for both obstruction of justice and bankruptcy fraud, and directed the trial court to vacate one conviction or the other on remand. The panel affirmed his other convictions and, in most respects, his sentences. *Peel v. United States*, 595 F.3d 763 (7th Cir. 2010). In doing so, the appellate court expressly rejected Peel's argument that his child pornography convictions were invalid because the photographs, taken in 1974 of a sixteen year old girl, were not illegal when made. *Id.* at 769-71.

Following remand, on August 1, 2011, the trial court reduced Peel's sentence for bankruptcy fraud from 60 to 24 months, but ran it consecutively to his 120-month sentences for possessing child pornography, resulting in the same 144-month cumulative sentence. The Seventh Circuit affirmed that result on appeal. *United States v. Peel*, 668 F.3d 506 (7th Cir. 2012). That court also rejected, as both procedurally barred and substantively meritless, Peel's new arguments that his child pornography convictions violated the Free Speech Clause of the First Amendment and the *Ex Post Facto* Clause of Article I. *Id.* at 510.

Immediately thereafter, Peel moved to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255, asserting that his counsel was ineffective for his

failure to, amongst other things, assert his statutory and constitutional challenges to the child pornography statute and his resulting convictions under it. The trial court rejected those claims in an extensive opinion, *Peel v. United States*, 2013 WL 1799040 (S. D. Ill. Apr. 29, 2013), and the Seventh Circuit denied his request for a certificate of appealability on December 11, 2013. *Peel v. United States*, No. 12-cv-275-WDS (S. D. Ill. 2012).

## II

In his petition, Peel asserts that 18 U.S.C. § 2252A(a)(5)(B) violates the Equal Protection Clause, the Due Process Clause, the *Ex Post Facto* Clause, and the Eighth Amendment, and that newly-discovered evidence establishes a markedly lower value for the photographs in question, which would indicate a lower sentencing guidelines range. [D. E. No. 1-1, pp. 3-11] In an amended petition, Peel further argues that the trial and appellate courts failed to consider "that an actual minor had to be used in making the photographs." [D. E. No. 2]

None of Peel's claims are cognizable in a habeas corpus proceeding filed pursuant to 28 U.S.C. § 2241. A § 2241 petition is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a

4

motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not

violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

None of Peel's claims fall within the narrow scope of this provision. His claims, which challenge the constitutionality of the child pornography statute either on its face or as applied to him, or the factual basis for his sentencing, are claims which could - and must - have been asserted on direct appeal or in an initial motion under § 2255. Even accepting his assertion that his present claims are distinguishable from those already considered and rejected by the trial court and the Seventh Circuit, his mere failure to assert them previously does not make his remedy under § 2255 retroactively "inadequate and ineffective" in order to satisfy the requirements for invoking the remedy available under Section 2241.

Accordingly, **IT IS ORDERED** that:

1. Peel's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 21st day of July, 2014.



Signed By:
Henry R. Wilhoit Jr.
United States District Judge

6